UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARIANELA PEREZ RODRIGUEZ, *by and* )
*through her next friend*, YEFRY JOSE )
BRACHO BRACHO, )
  )
      Petitioner, )
  )
v. )     Case No. 1:26-CV-149-ZMB
  )
WARDEN/ADMINISTRATOR, STE. )
GENEVIEVE COUNTY DETENTION )
CENTER, et al., )
  )
      Respondents. )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Marianela Perez Rodriguez's[1] (Perez) Petition for Writ of Habeas Corpus, Doc. 1, and Motion for Temporary Restraining Order, Doc. 2. Because it plainly appears that Perez is not entitled to relief, *see* 28 U.S.C. § 2243, the Court dismisses this case.

## BACKGROUND

### I.    Factual Background[2]

Perez is a Venezuelan citizen who was paroled into the United States in 2022. Doc. 1 ¶ 17. She was a beneficiary of Temporary Protected Status (TPS) for Venezuelan nationals until her benefits expired in April 2025. *Id.* ¶ 18; Doc. 1-1 61. Perez reapplied for TPS in September 2025, *id.* at 62, but the TPS program was terminated as of April 2, 2025, *see generally Guevara-Hernandez v. Blanche*, No. 1:26-CV-59-ZMB, 2026 WL 1728803, at *1 (E.D. Mo. June 15, 2026) (describing the history of Venezuela's TPS designation). In May 2026, Perez was detained after she appeared for a check-in with ICE. Doc. 1 ¶ 22.

---

[1] Perez attempts to proceed through her next best friend, Yefry Jose Bracho Bracho, on the basis that she has neither a "command on the English language" nor access to "legal resources and outside communication." Doc. 1 ¶¶ 1, 6–7. The Court will assume, without deciding, that Bracho may bring this petition, as it fails on the merits in any event.

[2] For the purposes of this petition, the Court assumes the allegations Perez asserts are true.

## II.      Procedural Background

Perez, through Bracho, filed her petition on June 22, 2026. Doc. 1. The petition contends that: (1) Perez is subject to detention under 8 U.S.C. § 1226(a) rather than section 1225(b), and as such, the lack of an individualized assessment violates the INA and Fifth Amendment; (2) her continued detention without a hearing violates the Fifth Amendment; (3) her continued detention violates substantive due process; (4) the bar on immigration judges reviewing the legality of detention constitutes a suspension of the writ of habeas corpus; (5) "a categorical no-bond policy" and potential removal violates the Administrative Procedures Act, and (6) the Government intends to remove her to a third county without the required screening pursuant to the Convention Against Torture.[3] *Id.* ¶¶ 28–36. Alongside the petition, Perez moved for a temporary restraining order seeking an individualized custody determination under 8 U.S.C. § 1226(a). Doc. 2 at 3.

## LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . district courts . . . within their respective jurisdiction" if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(a), (c)(3). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). If the petitioner's detention is lawful, "the writ of habeas corpus shall not extend to [the] prisoner." 28 U.S.C. § 2241(c). Once a habeas petition is filed, the Court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

---

[3] While Perez raises a final claim requesting that the Court prevent her transfer while this case is pending to maintain jurisdiction, the Court's denial of her petition moots that request and her Motion for Temporary Restraining Order.

## DISCUSSION

Nearly all of Perez's claims are foreclosed by rulings from the Eighth Circuit and this Court. *See Avila v. Bondi*, 170 F.4th 1128, 1133–38 (8th Cir. 2026) (finding that a similarly situated petitioner was "seeking admission" and thus subject to mandatory detention under section 1225(b));[4] *Lugo-Solet v. Mullin*, No. 1:26-CV-52-ZMB, 2026 WL 1162233, at \*3 (E.D. Mo. Apr. 29, 2026) (collecting cases) (denying similar constitutional arguments); *Guevara-Hernandez*, 2026 WL 1728803, at \*6 (rejecting Suspension Clause claim). And her last claim seeking to enjoin her removal to a third country as well as the similar portions of her claim under the APA fail because the "writ of habeas corpus is not the proper [vehicle]" where a petitioner seeks to attack something other than "the validity of [her] conviction or the length of [her] detention," *see Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014).

## CONCLUSION

Accordingly, the Court **DISMISSES** this action because it plainly appears that Petitioner Marianela Perez Rodriguez is not entitled to relief and **DENIES** her [2] Motion for Temporary Restraining Order as moot. A separate Order of Dismissal will accompany this order.

So ordered this 26th day of June 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[4] The Eighth Circuit's decision in *Avila* forecloses Perez's APA claim as to the "categorical no-bond policy." *See, e.g.*, *Rodriguez v. Jeffreys*, 2025 WL 3754411, at \*14 (D. Neb. Dec. 29, 2025).